ESTATE OF CLOTHILDE K. LUEDERS, DECEASED, CITY BANK FARMERS TRUST COMPANY, AND FREDERICK J. LUEDERS, EXECÙTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5884. Promulgated March 27, 1946.

*Walter E. Cooper, Esq.,* for the petitioners.
*Robert S. Garnett, Esq.,* and *Albert H. Monacelli, Esq.,* for the respondent.

588

OPINION.

Harron, *Judge*: Respondent contends that the value of the corpus of the Frederick Lueders trust is includible in the estate of the decedent under section 811 (d) of the Internal Revenue Code under the doctrine of *Lehman* v. *Commissioner*, 109 Fed. (2d) 99; certiorari denied, 310 U. S. 637.

Section 811 (d) provides that the value of the gross estate of a decedent shall be determined by including the value at the date of his death of all property of which he has made a transfer "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, * * *" There can be no doubt that the enjoyment of the property in the trust in question was subject to the exercise of a power to alter, amend, or revoke the trust by the decedent at the time of her death. The only question to be decided is whether the decedent can be deemed to have been the grantor of the trust. "A person who furnishes the consideration for the creation of a trust is the settlor even though in form the trust is created by another." *Scott on Trusts*, sec. 156.3; *Lehman* v. *Commissioner*, *supra; Blackman* v. *United States*, 48 Fed. Supp. 362, 368.

The Frederick Lueders trust was in existence at the time of decedent's death and under the trust the decedent had the right to revoke the trust, and upon such revocation the decedent had the right to receive the entire corpus. The Frederick Lueders trust was created on July 2, 1930, for the benefit of the decedent. Frederick depleted his assets entirely by transferring all of his assets to the trust. The decedent did not create a cross-trust at or about the same time that the above trust was created, but she created a trust having identical terms for the benefit of Frederick in October of 1931, to which she transferred property having a value almost equal to the then value

of the property in the Frederick Lueders trust. Decedent transferred in trust property having a value of $349,200. At that time the property in Frederick's trust had a value of $373,000.

These facts compel the conclusion that the decedent furnished consideration for the trust which was in existence at the date of her death. She must be deemed to have been the settlor of that trust, even though in form, the settlor was her husband. This conclusion is impelled by the effects of the transactions of the decedent and her husband relating to their respective assets. The two trusts which were created were reciprocal upon the creation in 1931 of the second trust. This is because, under a practical view of the facts, the creation of a trust by the decedent in 1931 made it feasible for the 1930 trust to be continued in existence. Furthermore, the circumstances strongly indicate that Frederick Lueders had some assurance in 1930, when he transferred all of his assets to a trust, that the decedent would not fail to provide him with some assets, in return, if necessary. She did this a little over one year thereafter. It became a matter of form on October 21, 1931, that the trust which respondent has included in the decedent's estate was dated July 2, 1930, in view of the situation which developed in October and November of 1931. The evidence clearly shows that Frederick became in need of assets, and the decedent was the source for obtaining them. The situation was such that there was surely a practical need for the decedent's terminating the 1930 trust and returning the property to her husband. That she elected not to do so is a fact which can not be minimized. That the 1930 trust continued in existence after October 21, 1931, and at the same time, Frederick Lueders received needed property, is important in the determination of the question.

In October of 1931 the decedent could not have been acting independently, and we do not believe that her creation of a trust for the benefit of her husband was entirely unrelated to his termination of that trust within 30 days thereafter. Also, we do not believe that the amount of property which the decedent took out of her separate estate and transferred to a trust for her husband had no relation to the then value of the corpus of the trust created by her husband. Furthermore, a realistic view indicates that the decedent was under a moral obligation to provide her husband with assets when he became in need. It is not impossible that the decedent and her husband had some understanding, at the time he created a trust in 1930, that she would so act, if necessary. The sole source of Frederick's income was the corporation of which he was chairman of the board of directors. It became necessary for him to guarantee loans to that corporation, and for that purpose he had to have assets. Assets formerly belonging

to him were held in a trust which the decedent could terminate. When, therefore, petitioner transferred her own property to a trust for her husband, which he could terminate, instead of terminating the existing trust and returning his property to him, there was a mutual exchange of property. The property which the decedent transferred to a trust for her husband constituted a *quid pro quo* for the property which was allowed to remain in the existing trust. The property which the decedent transferred out of her separate estate had its equivalent on October 21, 1931, in the corpus of the 1930 trust, which the decedent had only to terminate in order to restore to herself the equivalent of that which she conveyed on the above date.

Under these circumstances it is concluded that the decedent furnished consideration for the trust which was in existence at the date of her death, and that she must be regarded as the settlor of that trust. It follows that section 811 (d) is applicable and that respondent's determination must be sustained.

Petitioners rely upon *Estate of Gertrude Leon Royce*, 46 B. T. A. 1090. In that case a single trust was involved, a trust created by a husband for the benefit of his wife. It is the contention of petitioners, in effect, that the subsequent steps taken by the decedent in creating a trust for the benefit of her husband are immaterial, and that the issue presented should be decided without giving consideration to all that transpired. We can not so limit our consideration of the evidence. *Estate of Gertrude Leon Royce*, *supra*, is not a case in point, under the facts before us.

Reviewed by the Court.

*Decision will be entered under Jule 5ſ*

SMITH and VAN FOSSAN, *JJ.*, dissent.

———

MURDOCK, *J.*, dissenting: I do not think that this case is distinguishable in principle from *Estate of Gertrude Leon Royce*, 46 B. T. A. 1090.

LEECH and TYSON, *JJ.*, agree with this dissent.